Dear Mr. Hardie VI:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Louisiana School Board Association ("LSBA"), you have asked for our opinion regarding the use of commercial buses by local school districts to transport students to and from athletic events and other extracurricular activities. You also ask whether local school districts may actually purchase these commercial transportation buses.
La.Rev.Stat. 17:158 governs a local school district's transportation obligation and provides the following with respect to alternative means of transportation:
§ 158. School buses for transportation of students; employment of bus operators; alternative means of transportation; improvement of school bus turnarounds
A. (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
 * * *
B. If a parish or city school board determines transportation by school bus is impractical or is not available or that other existing conditions warrant it, the board may make arrangements for the use of common carriers in accordance with uniform standards *Page 2 
established by the state superintendent of education and at a cost based upon the actual costs of such transportation.
 * * *
Further, La.Rev.Stat. 17:158.1 provides the following with respect to the purchase of school buses for athletic departments:
Each parish and city school board may purchase at least one school bus for the athletic department of each high school located within its jurisdictional boundaries.
According to your opinion request, the commercial buses would be used only to transport students to and from athletic events and other extracurricular activities. The commercial buses would not used to transport students to and from school. You state that given the extra equipment and large number of students that necessarily must be transported for extracurricular activities and particular athletic events, the use of a typical school bus for travel to these events is impractical.
On a number of prior occasions, our office has recognized a school board's broad discretion in handling the transportation of its students. See Attorney General Opinion No. 93-382. We have also recognized that to fulfill its transportation obligation a school board may enter into contracts with providers of transportation. See Attorney General Opinion No. 04-0060.
With respect to extra-curricular activities, in Attorney General Opinion No. 76-1604 we recognized that La.Rev.Stat. 17:158.1 provides the statutory authority for school boards to own buses for the purposes of transporting students to extracurricular activities.
Thus, in accord with La.Rev.Stat. 17:158 and 17:158.1 and the prior opinions of our office, we are of the opinion that local school districts may contract with commercial carriers to transport students to and from athletic events and other extracurricular functions. Further, we are of the opinion that local school districts may actually purchase these commercial transportation buses.
Since a local school district is considered a public entity, as defined in La.R.S. 38:2211, such a purchase would be subject to the provisions of the Louisiana Public Bid Law. Under the Louisiana Public Bid Law, contracts for the purchase of materials and supplies exceeding $30,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.R.S. 38:2212.1 (A)(1)(a). Contracts for the purchase of materials and supplies costing $10,000 or more, but less than $30,000, must be made by obtaining no fewer *Page 3 
than three telephone or facsimile quotations. La.R.S. 38:2212.1(A)(1)(b). For purchases of less than $10,000, there is no prescribed procurement method.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt